J-A11044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIC ELROD | : | |
| | : | |
| Appellant | : | No. 335 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011460-2011

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 19, 2022**

Eric Elrod appeals the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As the PCRA court opines, the history of this case has been "convoluted[.]"[1] Pa.R.A.P. 1925(a) Opinion, filed 4/28/21, at 2. On March 30, 2015, Elrod pleaded guilty to criminal conspiracy, possession of firearm with altered manufacturer's number, possession of firearm by a person prohibited, and robbery, for the robbery of a pizzeria.[2] The same day, the trial court sentenced Elrod to an aggregate term of 11½ to 23 months' incarceration

---

[1] PCRA counsel, in his letter filed pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), thoroughly details the procedural history of this case. **See** Letter from Scott Gessner, Esq. to the Honorable Charles Cunningham, dated Aug. 27, 2020.

[2] 18 Pa.C.S.A. §§ 903(c), 6110.2(a), 6105(a)(1), and 3701(a)(1)(ii), respectively.

followed by a consecutive term of 10 years' reporting probation. Elrod did not file a direct appeal.

After numerous intervening petitions and proceedings, none of which are relevant to our disposition of the instant appeal, Elrod filed the instant PCRA petition on May 4, 2018. He raised claims of new exculpatory evidence and ineffective assistance of trial counsel. The petition did not address timeliness or attempt to invoke any time-bar exception.

Elrod then filed a series of *pro se* petitions, one every few months. The PCRA court appears to have treated them as supplements to the instant petition. In November 2018, the court allowed appointed counsel to withdraw and despite an initial determination that Elrod was not entitled to counsel, in May 2019, the court appointed new counsel.

Counsel filed a ***Finley*** letter and a motion to withdraw on August 27, 2020. Counsel concluded that the petition was untimely and therefore the court had no jurisdiction to entertain Elrod's claims. The PCRA court issued notice of its intent to dismiss the petition. ***See*** Pa.R.Crim.P. 907 Notice, filed 10/29/20. Elrod replied to the notice and argued that he satisfied the unknown fact time-bar exception. ***See*** Objections to 907 – Intent to Dismiss PCRA, filed 12/4/20. He also raised claims of ineffective assistance of counsel, ***Brady***[3] claims, and newly discovered evidence. The court dismissed the petition as

---

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

untimely. *See* Order, filed 12/22/20. This appeal followed.[4] Both Elrod and the PCRA court complied with Pa.R.A.P. 1925.

Elrod raises the following issues *pro se*:

1. Was [Elrod] illegally sentenced to "immediate Parole on 3/30/15["] due to not receiving any time credit during sentencing and not on bail as the record states?

2. Was [Elrod] illegally sentenced on Charge 18 § 6110.2 §§A (Possession of a firearm w/ manufacturer number altered) to 11 ½ to 23 months followed by 8 years probation in violation of Pa.C.S.A. § 9765 due to the aforementioned charge being the lesser & predicate charge to the controlling actual offense of Robbery F1 in which [Elrod] only received a merged sentence of 10 years probation?

3. Did the [c]ourt err when violation [Elrod] for a parole violation on the 11 ½ to 23 months sentence instead of probation violation on 7/22/16?

4. Did the [c]ourt illegally sentence [Elrod] violating the terms of the written plea colloquy of 3/30/15 in which [Elrod] signed & agreed to? Did the court error by not notifying [Elrod] of his withdrawal rights due to the Lower Court's deviation from the agreed upon sentence for Robbery in the written colloquy?

5. Do Brady [v]iolations exist within this case?

6. Did the District Attorney's office use an untrue statement as the only evidence stating [Elrod] was the driver of said vehicle when already viewing a Gas Station video proving [Elrod's] innocence?

7. Does this incontrovertible Physical Fact or the unshown video prove that the District Attorney Ms. Borgatti use

---

[4] This Court issued an order for the court to resolve PCRA counsel's motion to withdraw. *See* Order, filed 4/23/21. The trial court entered an order on May 11, 2021, granting counsel's motion to withdraw. *See* Order, filed 5/11/21.

perjured testimony thereby perjuring herself & putting forth a Fraud on the courts?

8. Did [Elrod] receive a notarized affidavit from Taliesin Green his co-defendant stating [Elrod] was not involved in said Robbery nor was the gun found in said premises [Elrod's], nor did [Elrod] live at the residence & that all items found from the robbery belonged to Taliesin Green?

9. Did [Elrod] receive a declaration from Raymond Wright stating [Elrod] was with him that night & that night & that he told the victim exactly that?

10. Did the [c]ourt illegally remove [Elrod's] private attorney [in a prior appeal] in place of Mark Cichowicz of the Philadelphia Public Defenders Office which violated [Elrod's] constitutional right to counsel of his choice, thereby abusing his discretion?

11. Was Trial Counsel ineffective for colluding with ADA Borgatti, coercing [Elrod] into taking a plea deal of 11½ to 23 months followed by 10 years['] probation on 3/30/15 while withholding exculpatory evidence?

12. Was [Elrod] illegally sentenced during plea in violation of mandatory minimum sentencing scheme because inclusion of a mandatory minimum sentence in the Robbery, Threat-Robbery, Manufacturer # altered, Possession of firearm-sentencing scheme rendering the sentencing option under 42 Pa.C.S.A. § 9721(a) unavailable to the trial court, thus, its plea deal of 11 1/2 to 23 months on a lesser sentence illegal as a matter of law along with all probation?

Elrod's Br. at 8-10 (suggested answers omitted).

We do not reach the merits of Elrod's appeal. After appointing counsel, who filed a *Finley* letter, the PCRA dismissed Elrod's request for PCRA relief as untimely. Elrod does not on appeal challenge the dismissal for untimeliness.

We therefore have no basis on which to disturb the PCRA court's order, and affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2022